By the Court.
The defendant in error made a written contract with the plaintiffs in error for the sale to them of a pair of scales. It was a conditional sales contract, and contemporaneously with its execution plaintiffs in error executed and delivered to the company their ten promissory notes in the sum of $7.50 each, due in one, two, three, four, five, six, seven, eight, nine and ten months from date. The scales were shipped to the plaintiffs in error, and shortly thereafter they were returned to the defendant in error and the contract repudiated. The company refused to accept the return of the scales and brought suit on the notes before a justice of the peace, where judgment was rendered for the defendant. On appeal to the common pleas court, the company in its peti *169 tion set up the notes in ten separate causes of action. Croneis Brothers answered denying any liability on the notes, set out the contract and averred that it was void because in violation of Sections 4155-1 et seq., Revised Statutes. By its reply the defendant in error admitted the execution of the contract and asserted its binding force and effect as well as the validity of the notes. The plaintiffs in error then filed a motion for judgment on the pleadings, which was sustained by the court of common pleas. On error the circuit court reversed this judgment, and these proceedings are brought to reverse the judgment of the circuit court and affirm the judgment of the court of common pleas.
. The contract referred to contains the following language.
“Should there be any failure to meet payments or to execute notes for deferred payments, it is agreed that the full amount of purchase price shall at once become due and payable. Should there be any default in the payment of any note it is agreed' that all the remaining notes shall at once become due and payable, anything in the notes to the contrary notwithstanding. In default of any payment you, or your agent, 'may take possession of and remove said scale without legal process; and in such case, all payments theretofore made by me under this order shall be deemed and considered as having been made for the use of said scale during the time the same remained in my possession, . and shall be retained and kept by said company as such payment. In the event of the re *170 fusal to accept said scales zvhen tendered, it is agreed that the sum first above mentioned, less any previous actual cash payments, shall at once become due and payable as liquidated damages, and not as a penalty.”
The question presented is whether or not this contract and the notes given in consideration thereof are enforcible. Pertinent parts of the statute are as follows: “Whenever such property * * * is so sold or leased, rented, hired or delivered it shall be unlawful for the persons who so sold, leased, rented, hired, delivered or his assigns or the agent or servant of either their agent or servant to take possession of said property, without tendering or refunding to the purchaser, lessee, renter, or hirer thereof or any party receiving the same from the vendor, the sum or sums of money so paid after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed 50 pep cent, of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed, in such contract or not, unless such property has been broken, or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed. Provided, that the vendor shall not be required to tender or refund any part of the amount so paid unless said amount so paid to the vendor exceeds 25 per cent, of the contract price of the property.”
A penalty is provided by statute for the violation of the provisions of the above act. It will *171 be observed that the portion of the contract above quoted provides for the doing of things which are in direct conflict with the statute. The contract is an entirety. One of its considerations is the promise to permit the doing of the illegal things referred to. The notes sued on were provided for and were executed and delivered pursuant to its terms. The sole consideration for these notes was the contract for the sale of the scales, and these, under that instrument, could be retaken on default of payment of any note, without the return of any part of any payments made. Plaintiffs in error, having at once repudiated the contract in its entirety and refused to accept the scales •or in any way recognize the binding force of the instrument, cannot be said to have waived any of their rights to defend against it. The court will not make a new contract for the parties by striking out the terms which are in contravention of law and assume that the parties would have made it without such terms. It contemplated and required the acquiescence by plaintiffs in error in the illegal part of the contract as much as the legal ■part. The fact that the defendant in error did not undertake to enforce the illegal parts, at least while attempting to reduce the notes to judgment, does not strengthen its position.

The judgment of the circuit court will be reversed and that of the common pleas affirmed.

Nichols, C. J., Shauck, Johnson, Donahue, Newman and Wilkin, JJ., concur.